IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

```
WILLIE BRINKLEY, et al.,     )
                             )
    Plaintiffs,              )
                             )           CIVIL ACTION NO.
    v.                       )             1:04cv184-MHT
                             )                 (WO)
DIALYSIS CLINIC, INC.,       )
                             )
    Defendant.               )
```

ORDER

In this lawsuit, plaintiffs Willie Brinkley, Jerome Cotton, and Kimberly Bush charged defendant Dialysis Clinic, Inc. ("DCI") with racial discrimination in employment, in violation of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981; Brinkley also claimed that DCI discharged him because of his National Guard membership, in violation of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4311.  The court granted summary judgment in favor of DCI on all the plaintiffs' claims except

Brinkley's USERRA claim, <u>Brinkley v. Dialysis Clinic, Inc.</u>, 403 F.Supp.2d 1090 (M.D. Ala. 2005) (Thompson, J.), and later a jury returned a verdict in favor of DCI on the USERRA claim.

This cause is now before the court on DCI's bill of costs and motion for allowance of costs and on Brinkley's objection to costs.


## I. Discussion

Federal Rule of Civil Procedure 54(d) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  In its bill of costs, DCI argues that it is a prevailing party entitled to costs, at least with respect to the race-discrimination claims, and it seeks to recover a total of $ 2,884.43 for the following costs:

    (1) Fees for service of summons and subpoena: $60.00;

>      (2) Fees of the court reporter for depositions and transcripts: $1,926.00;
>
>      (3) Fees for witnesses: $64.69; and
>
>      (4) Fees for exemplification and copies of papers: $833.74.

DCI concedes that all costs, other than those related to the deposition transcripts, "were incurred in connection with the trial of ... Brinkley's USERRA claim,"[1] and the plain language of USERRA precludes the taxation of any costs incurred in pursuing an USERRA claim.  USERRA provides: "No fees or court costs may be charged or taxed against any person claiming rights under this chapter."  38 U.S.C. § 4323(h)(1).  See Chance v. Dallas County Hosp. Dist., 176 F.3d 294 (5th Cir. 1999) (a plaintiff who asserts multiple claims and does not prevail may be taxed costs except as to those

---

    1.   Defendant's brief in response to plaintiff's objection to costs (Doc. No. 93), p. 3.

attributable to the filing and advancing of an USERRA claim).

In light of Brinkley's objection, DCI appears to understand that it cannot recover trial-related costs. It now seeks only those related to the depositions--a total of $ 1,926.00--because the depositions were not related solely to Brinkley's USERRA claim; in fact, most of them focused on the race-discrimination claims, and those portions relating to plaintiffs Cotton and Bush had nothing whatsoever to do with the USERRA claim.

As a threshold matter, it is appropriate for DCI to seek costs incurred in the taking of depositions. Costs may properly include the fees of a court reporter for "all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Depositions are included in the phrase "stenographic transcript." United States v. Kolesar, 313 F.2d 835, 837-38 (5th Cir. 1963); see also Coleman v. Roadway Express, 158 F.Supp.2d 1304, 1310 (M.D. Ala.

2001) (Thompson, J.).[2]  Costs incurred in obtaining copies of deposition transcripts are also recoverable.  Id. at 837-39.

Moreover, the fact that all the race-discrimination claims were disposed of prior to trial on the basis of DCI's motion for summary judgment is not fatal to DCI's claim for costs.  As long as the depositions were reasonably necessary for use in the case, the fact that a court disposed of the case at the summary-judgment stage is no impediment to an award of costs for them.  Blevins v. Heilig-Meyers Corp., 184 F.R.D. 663, 666 (M.D. Ala. 1999) (Thompson, J.); see also United States EEOC v. W&O, Inc., 213 F.3d 600, 621 (11th Cir. 2000) (costs relating to the taking and transcribing of depositions are taxable if they are, wholly or partially, necessarily obtained for use in the case.)  "[T]he determination of

---

2. In Bonner v. Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

necessity must be made in light of the facts known at the time of the deposition, without regard to any intervening developments that later rendered the depositions unneeded for further use." Hudson, 758 F.2d at 1243.

DCI attributed $ 1,926.00 in cost to the deposition transcripts, itemized as follows:

> (1) Depositions of plaintiffs Brinkley, Bush, and Cotton: $ 1,465.00;
>
> (2) Depositions of Kyle Weaver (DCI administrator), Gill Lawson ((DCI chief technician), and Diane Herring (DCI employee): $ 376.50; and
>
> (3) Deposition of Mona Gautney (DCI supervising nurse manager): $ 84.50.

The deposition witnesses itemized above were the plaintiffs as well as DCI representatives and employees. Each of these individuals was listed on both parties'

witness lists, and Brinkley has made no argument that plaintiffs' depositions were not reasonably necessary for use in the case at the time they were taken.

Brinkley does argue, however, that he should not be taxed costs resulting from the involvement of co-plaintiffs in the case.  In response, DCI suggests that the $ 1,926.00 in deposition cost should be apportioned equally among the three plaintiffs.

The court finds that, at the time they were taken, the itemized depositions were necessary to both prosecute and defend the race-discrimination claims and that the three plaintiffs should each bear an equal share of the costs.

## II. Conclusion

For the foregoing reasons, and upon consideration of Brinkley's objection to DCI's bill of costs, the court concludes that costs should be disallowed in the amount of $ 958.43 (costs related to the trial of the USERRA

claim) and allowed in the amount of $ 1,926.00, the liability for which is to be apportioned equally among the three plaintiffs in the case.

Accordingly, it is ORDERED that:

(1) Plaintiff Willie Brinkley's objection to costs (Doc. No. 91) is sustained to the extent that $ 958.43 of the requested costs are disallowed, and the objection is overruled in all other respects;

(2) Defendant Dialysis Clinic, Inc.'s motion for allowance of costs (Doc. No. 88) is granted in the amount of $ 1,926.00, to be apportioned equally among plaintiffs Brinkley, Jerome Cotton, and Kimberly Bush, and the motion is denied in all other respects; and

(3) Defendant Dialysis Clinic, Inc. shall have and recover from each of plaintiffs Brinkley, Cotton, and Bush the sum of $ 642.00, for which execution may issue.

DONE this the 1st day of March, 2006.

                                   /s/ Myron H. Thompson
                                  UNITED STATES DISTRICT JUDGE