IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIE BRINKLEY, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:04CV184-MHT |
| | ) | [WO] |
| DIALYSIS CLINIC, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

The plaintiff, WILLIE BRINKLEY ["Brinkley"], filed a Motion to Strike Jury Venire on 14 November 2005 (Doc. # 80), and the court referred the motion to the Magistrate Judge for recommendation (Doc. # 85). This case was tried to conclusion before a duly empaneled jury on 14-15 November 2005, yielding a verdict for the defendant and judgment in its favor (Docs. # 83, 84).

Thereafter, the plaintiff filed a Notice of Appeal (Doc. # 94), and his attorneys withdrew from representing him (Docs. # 96, 97, 101, 102). The court then entered an order directing Brinkley to notify the court in writing by 7 April 2006 if he intended to pursue the Motion to Strike Jury Venire. He was further instructed to file his brief in support of his motion on or before 18 April 2006. Brinkley has not responded to the court's orders, and he has not filed a brief. Indeed, to date, no proceedings have been conducted on the motion.

Consistent with the court's "inherent power to police its docket,"[1] the court may

---

[1] *Mingo v. Sugar Cane Growers Co-Op of Florida*, 864 F.2d 101, 102 (11th Cir. 1989).

dismiss an action *sua sponte* for failure to comply with the local rules, **Kilgo v. Ricks**, 983 F.2d 189, 192 (11th Cir. 1993), or for failure to prosecute. **Link v. Wabash R. Co.**, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). It follows then that the court must have the authority to deny a motion for the same reasons.

> The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. That it has long gone unquestioned is apparent not only from the many state court decisions sustaining such dismissals, but even from language in this Court's opinion in Redfield v. Ystalyfera Iron Co., 110 U.S. 174, 176 [3 S.Ct. 570, 571, 28 L.Ed. 109 (1884)]. It also has the sanction of wide usage among the District Courts. It would require a much clearer expression of purpose than Rule 41(b) provides for us to assume that it was intended to abrogate so well-acknowledged a proposition." 370 U.S., at 630-632, 82 S.Ct., at 1388-1390 (footnotes omitted).

370 U.S. at 630, 82 S.Ct. at 1388.[2]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Brinkley's Motion to Strike Jury Venire be summarily DENIED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **3 May 2006.** A party must specifically identify the findings in the Recommendation

---

[2] *See also **Anthony v. Marion County General Hospital**,* 617 F.2d 1164, 1167 (5th Cir. 1980) ("Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also sua sponte dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'")

to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. **Nettles v. Wainwright**, 677 F.2d 404 (5th Cir. 1982). *See* **Stein v. Reynolds Securities, Inc.**, 667 F.2d 33 (11th Cir. 1982). *See also* **Bonner v. City of Prichard**, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

DONE this 19th day of April, 2006.

/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE

Case 1:04-cv-00184-MHT-VPM   Document 103   Filed 04/19/06   Page 4 of 4